JAMES R. NUGENT, complainant,

*v.*

MARY R. MEEKER, defendant.

[Decided December 6th, 1926.]

A comptroller's deed in fee under the Martin act is inoperative as against the owners not served with notice to redeem.

On final hearing.

*Mr. James R. Nugent,* for the complainant.

*Mr. Herbert Boggs,* for the defendant.

BACKES, V. C.

This bill is to partition lands in Newark meadows acquired by Jedadiah J. Baldwin, of Newark, in 1820, and of which he died seized intestate in 1858. In 1921 the complainant obtained title to a one-seventh interest from Mary Augustus Baldwin Dominick, a granddaughter, daughter of Baldwin's son Edward. In the same year he acquired another one-seventh from Gertrude Atwater, granddaughter, daughter of Baldwin's daughter Henrietta Oakley; and in the same year acquired an additional one-seventh interest from the two children of William J. Magie, late chancellor, who had married Sarah Francis, daughter of Baldwin. The defendants are the remaining descendants of Baldwin, and Stuart Lindsley, who holds a tax title deed in fee, which was given by the comptroller of Newark to Florence E. Cahill, August 12th, 1907, by virtue of the Martin act, and by her conveyed to Lindsley. Service of notice to redeem was by publication directed to Jedadiah J. Baldwin and Mrs. Jedadiah J. Baldwin, who were long since dead, to the knowledge of the pur-

chaser. The statute permits service to be made by publication, but it must be addressed to the owners or mailed to them if their residence can be ascertained by due inquiry upon the premises if occupied "and wherever else in the city the same may be likely to be ascertained." Cahill's affidavit of inquiry and the notice by publication to the dead were mere pretenses to induce the execution of the comptroller's deed. Cahill took nothing by the deed. Lindsley has a tax sale lien which the complainant may redeem. A reference will be ordered to determine the ownership of the fractional interest of the complainant and defendants, and they will be charged proportionately with the amount necessary to redeem the tax sale lien and such other taxes as complainant has since paid.

The question of jurisdiction decided in *Nugent* v. *Lindsley, 4 N. J. Mis. R. 649,* is not raised.

The defendant (Lindsley's) contention that the ancestor of the complainant's grantor was Jediah J. Baldwin, and not Jedadiah J. Baldwin, is without substance. He was sometimes called Jediah J. and other times Jedadiah J. Baldwin, as appears by the city directory of Newark, wherein he is styled as Jediah J. Baldwin, annually from 1837 to 1854, and as residing in Union township, Upper road to Elizabeth, and in 1855 and 1856 as Jedadiah J. Baldwin, same address. In the application for letters of administration filed by his widow, Abby, in the Essex county surrogate's office in 1858, he is called Jediah J. Baldwin, and the names of his surviving children and their addresses are given. In a deed by him to Aaron Coe, in which he was joined by his wife, Abby, for property in Newark, he is designated and signed as Jediah J. Baldwin. There is nothing to show other than tha' Jediah J. Baldwin and Jedadiah J. Baldwin were one and the same person.